IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 09-2613-TUC-DCB (GEE) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| FIDEL ANGEL DIAZ-LEMUS, | ) | |
| Defendant. | ) | |

The District Court referred this case to the magistrate for hearing on pretrial matters. Hearing on the defendant's Motion to Suppress Statements was held on April 27, 2010. Upon consideration of the evidence presented and the arguments of respective counsel, the magistrate recommends that the District Court, after its de novo review, deny the Motion to Suppress Statements.

## **CHARGE:**

The Indictment charges that on October 29, 2009, the defendant attempted to illegally reenter this country.

## **FACTS:**

It is alleged that on October 29th the defendant attempted to illegally reenter ths country when he walked into the primary inspection area at the Morley Avenue Port of Entry (POE)

1  in Nogales, AZ, and presented a temporary resident card (I-551) which the inspecting officer
2  believed to be counterfeit. The defendant was referred to the Passport Control Unit for
3  further inspection where he was interviewed by a Customs and Border Protection (CBP)
4  officer. It was determined the defendant's true name was Fidel Diaz-Lemus–not the name
5  on the identification document-- and that he is a citizen of El Salvador.

**MOTION TO SUPPRESS STATEMENTS:**

Defendant argues his statements to the CBP officer should be suppressed because: (1) he was not advised of his *Miranda* rights or (2) he did not voluntarily waive those rights.

*Testimony of Jose Mora*

Mora is a CBP officer and a native Spanish speaker. He interviewed the defendant at the Passport Control Unit which is located in the DeConcini Building, about a block and a half from the Morley Avenue POE. Mora testified he began interviewing the defendant at about 6:20 p.m. on October 29th, Mora testified he first provided the defendant with a copy of the form I-214 (Exhibit 1 attached hereto). There is both a Spanish and English version of the I-214. Mora said he read the *Miranda* rights directly from the form in Spanish to the defendant and the defendant indicated he understood the rights by signing his name. Mora then asked if the defendant was willing to answer questions, and the defendant indicated his willingness by signing his name again. The I-214 also bears the signatures of Mora as the person who read the rights and of Francisco Fuentes as the person who witnessed the advisements and waiver.

Mora stated the defendant then provided a sworn statement which is documented on forms I-867A, I-867B and I-831 (all attached hereto as Exhibit 2). Mora testified the defendant refused to sign Exhibit 2 after it was explained that he would be prosecuted for reentry after deportation; the defendant advised Mora that he intended only to ask the first officer he encountered at the POE if the document in his possession was valid so as to permit his entry into this country. Mora stated that even though he refused to sign his sworn statement, the defendant never stated he wanted to recant his sworn statement. Mora testified the defendant

1 was also given a form advising of his right to speak with the consulate of his own country, 2 and signed that form declining this right. The defendant also signed the fingerprint cards 3 after his prints were taken.

4     On cross-examination Mora testified the defendant was not free to leave the DeConcini 5 building where he was processed and interviewed. Prior to being taken into an interview 6 room the defendant was held in "kind of a wired off area." This "detention" area is 7 surrounded by wire which allows the detainees to see out and be seen. Sometimes 8-10 8 persons are in the detention area. In the interview room the defendant was seated at a desk. 9 The defendant was not handcuffed while he was at the Passport Control Unit–and he was not 10 handcuffed during the interview. Mora stated that both he and Fuentes were armed during 11 the interview.

12     Mora admitted that he prepared a memorandum regarding his interview of the defendant 13 and that document does not indicate he advised the defendant of his *Miranda* rights (see 14 Exhibit B attached hereto). During the interview Mora was sitting at a computer across the 15 desk from the defendant and typed the responses as they were given. He also stated he does 16 not know if there was an audio or tape recording of the interview–"...our supervisors 17 wouldn't want us to know what's recorded and what's not."

18     When asked to explain why he had not completed the 16 items listed as the "Interview 19 Log" on Exhibit 1, Mora stated that about 50% of the information requested in the "Interview 20 Log" is provided in other documents.

21     Mora initially indicated the defendant was apprehended at the POE at approximately 4 22 p.m. However, he referred to Exhibit C (attached hereto) and stated that document indicated 23 the defendant had attempted to reenter this country at 2:15 p.m. Exhibit 1 indicates Mora read 24 the *Miranda* to the defendant at 6:15 p.m.

25

26 **DISCUSSION:**

27     Defense counsel states it is the government's burden to establish a defendant has been 28 advised of and waived his *Miranda* rights. *Miranda v. Arizona,* 384 U.S. 436, 444 (1966).

1 Furthermore, the government must establish by a preponderance of the evidence that a
2 waiver was given voluntarily, knowingly, and intelligently. *Colorado v. Connelly,* 479 U.S.
3 157, 168 (1986). A defendant's statement that he understands his rights and his signing of
4 a waiver form can establish that the waiver of rights was made knowingly, intelligently and
5 voluntarily. *United States v. Heredia-Fernandez,* 756 F.2d 1412, 1415 (9th Cir. 1985).

In the present case the defendant twice signed the Spanish language version of form I-214 indicating (1) he had been advised of and understood his rights and (2) he was willing to answer questions. Mora testified he had presented the I-214 to the defendant and had read to the defendant directly from the form. There was no testimony that Mora's ability to speak Spanish was inadequate, nor is there any evidence Mora did not read directly from the form. There was no evidence presented that the defendant could not hear or understand Mora's Spanish; nor is there any testimony the defendant did not, in fact, affix his signature. Neither the four hour delay between the defendant's apprehension and Mora's interview, nor the fact that he was detained in a wire enclosed space is sufficient alone to suggest his waiver was involuntary.

This court concludes that the government has met its burden, and the defendant has failed to present evidence to contravene this conclusion.

### **RECOMMENDATION:**

In view of the foregoing, the magistrate recommends that the District Court, after its independent review of the record, **DENY** the Motion to Suppress Statements. Either party may file objections within 14 days after being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived. If objections are filed, the parties should direct them to the District Court **by omitting the magistrate's initials from the caption.**

This Report and Recommendation is being faxed to all counsel on today's date. The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel.

DATED this 3rd day of May, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge